

# NUMBER 13-25-00655-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF
## MICHAEL ADAM NELSON AND JHOELAYNE PAIXAO NELSON
## AND IN THE INTEREST OF M.P.N. AND M.A.P.N., CHILDREN

---

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

This matter is before the Court on its own motion. On December 5, 2025, appellant attempted to appeal the trial court's order "Denying Respondent's Motion in Opposition and Motion for Sanctions & Granting Petitioner's Request for Sanctions" which was signed on November 5, 2025. On March 23, 2026, the Clerk of the Court notified appellant that it appeared there is no final, appealable order. Appellant was further notified that if the defect was not cured within ten days from the date of the notice, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3. On March 31, 2026, appellant

responded with numerous arguments why the sanctions ordered against her should be overturned; however, appellant's response fails to cure the jurisdictional defect.

Upon review of the documents before the Court, it appears that the order from which this appeal is taken was not a final appealable order. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

Upon review of the record, the trial court entered an agreed final decree of divorce on June 11, 2025. On July 11, 2025, appellant filed a motion in opposition and motion for sanctions. On July 31, 2025, appellee filed an amended petition to modify the parent-child relationship. On November 5, 2025, the trial court resolved the motion in opposition and motion for sanctions; however, to date, the motion to modify the parent-child relationship remains pending in the trial court. Therefore, no final, appealable judgment has been entered, and there are claims between the parties that remain unresolved before the trial court.

Absent an appealable interlocutory order or final judgment, the Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W. 3d 316, 319 n.1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195. The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3 (a).

2

Accordingly, the appeal is dismissed for want of jurisdiction. *See id*. R. 42.3 (a), (c).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of May, 2026.